THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY L. PETERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:22-cv-01433-GCS |
| | ) |
| | ) |
| SERGEANT VAUGHN, JANE DOE | ) |
| CONTROL ROOM OFFICER, JOHN | ) |
| DOE WING OFFICER, ASSISTANT | ) |
| WARDEN WALKER, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

Plaintiff Timothy L. Peterson, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Shawnee Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Peterson alleges Defendants denied him access to late chow on May 17, 2022.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any

---

[1] The Court has jurisdiction to screen Peterson's Complaint in light of his consent to the full jurisdiction of a magistrate judge and the limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandums of Understanding between the Illinois Department of Corrections and Wexford and this Court.

portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

## THE COMPLAINT

In his Complaint, Peterson alleges that on May 17, 2022, he left his housing unit to attend the law library. (Doc. 1, p. 6). At approximately 9:53 a.m., he returned to the housing unit as the last chow line was returning. *Id.* Peterson asked Sergeant Vaughn if he could attend late chow, and Vaughn told him to inform the officer in the control room. *Id.* He informed the Jane Doe control room officer and gave her his cell number. *Id.* He then went to his cell and informed another officer that he had informed the control room; the officer instructed him to lock-up and he would be let out when late chow was called. *Id.*

At 10:20 a.m., Peterson heard the announcement for late chow, but his cell door never opened. (Doc. 1, p. 6). Although he informed the cellhouse porters to tell officers that he needed to attend late chow because he is diabetic, he did not hear from any officers. *Id.* Another porter told him that an unknown officer stated that Peterson had already missed late chow. *Id.* Peterson pushed the emergency call button, but no one responded to his request. *Id.* At 11:00 a.m., Peterson proceeded to kick the door for attention and injured his left toe. *Id.* At 1:00 p.m., he saw Officer Vaughn and informed Vaughn that he had missed late chow. *Id.* at p. 6, 10.[2] He indicated he was diabetic, felt

---

[2] Peterson's statement of claim indicates that this was an unknown officer, but his accompanying exhibit statement of facts indicates this officer was Wing Officer Vaughn. (Doc. 1, p. 10).

his blood-sugar was getting low because he was starting to shake, and thus he needed late chow. *Id*. Vaughn brought him "a couple of milks" and packs of peanut butter. *Id*. Vaughn indicated that was all the kitchen staff gave him as the kitchen was out of meal trays. *Id*.

As a result of kicking the cell door, Peterson alleges that he injured his left foot. The foot was painful and the flesh under the toenail looked bruised. (Doc. 1, p. 12). He was also concerned about the injury due to being diabetic. *Id*. Peterson spoke to Sgt. Long about his injury; Sgt. Long called the healthcare unit but informed Peterson that the healthcare unit never called back. *Id*. Sgt. Long informed a nurse on med line, but the nurse merely stated that she would come back later. *Id*. Sgt. Long instructed Peterson to submit a sick call. *Id*. Peterson later learned that other inmates were let out for late chow, and they were served hotdogs, "which were not good at all." *Id*. On May 19, 2022, Peterson saw a nurse for his diabetes and the injury to his toe. *Id*. at p. 13. His levels were normal, and the nurse determined the toe was not broken but only badly bruised. *Id*.

Although Peterson includes several pages of a journal he kept during the relevant time period, from May 17, 2022, until June 25, 2022, which he labels as a statement of fact, his Complaint focuses only on his lack of a food tray and the injuries he suffered on May 17, 2022. *See* (Doc. 1, p. 10, 12-13, 15-22, 24, 27, 29, 32, 34, 36, 38).

## DISCUSSION

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following enumerated counts:

> **Count 1:** Eighth Amendment deliberate indifference claim against Sgt. Vaughn, Officer Jane Doe, Officer John Doe, and Warden Walker for denying Peterson a meal tray on May 17, 2022.
>
> **Count 2:** Eighth Amendment deliberate indifference claim for failing to treat Peterson's injured toe.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.³

Simply put, Peterson fails to state a viable claim under either Count 1 or Count 2. Although he alleges that he missed a single meal on May 17, 2022, there are no allegations to suggest that any of the named Defendants acted with deliberate indifference. In fact, Peterson alleges that Sgt. Vaughn and the Jane Doe control room officer informed him that he would be let out for late chow. After his cell was not opened when late chow was called, he informed another officer, possibly Officer Vaughn, who told him that late chow was over; however, the officer brought him items left in the chow hall, including milk and peanut butter. There is no indication that any of the defendants acted with deliberate indifference as they all sought to provide him with food or an opportunity to obtain food.

---

³ This includes any claim pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. Peterson only mentions that he is diabetic under the Americans with Disabilities Act in his attached journal, and it is not clear that he intends to raise a claim under the Act. *See, e.g.*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)(noting that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Further, the single incident of a missed meal does not amount to a constitutional violation. Peterson received food, although not the meal that he wanted. *See, e.g., Vinegar v. Fairman,* No. 95 C 844, 1995 WL 769758, at *6 (N.D. Ill. Dec. 29, 1995)(stating that "[t]he Constitution requires only that inmates receive adequate nutrition. Food that is not aesthetically pleasing or tasty does not violate an inmate's civil rights.").

Finally, although he is diabetic, Peterson acknowledged that his levels were normal and there is no indication that he suffered any harm from receiving only milk and peanut butter on one occasion. Thus, Count 1 is **DISMISSED without prejudice**.

As to Peterson's claim about his injured toe, there are no allegations to suggest that any of the defendants were aware of his injury. His attached statement of facts/journal entries, indicate that he spoke with a Sgt. Long, who is not a named defendant in this case. Sgt. Long sought to contact the healthcare unit on several occasions (Doc. 1, p. 12-13). Further, he was seen by a nurse on May 19, 2022, and Peterson was treated for his toe. Nothing in the Complaint indicates that any of the named Defendants acted with deliberate indifference in treating his injury. Thus, Peterson fails to state any claims for deliberate indifference in his Complaint. The Complaint is **DISMISSED without prejudice**. The Court **GRANTS** Peterson leave to amend his Complaint in order to attempt to set forth viable claims.

### PENDING MOTIONS

As to Peterson's motion for counsel (Doc. 11), he states that he has sent letters to multiple law firms, and that he has some college education but limited knowledge of the law. Given the early stage of the litigation, however, it is difficult to accurately evaluate

the need for the assistance of counsel. *See, e.g.*, *Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013)(stating that "until the defendants respond to the complaint, the plaintiff's need for assistance of counsel . . . cannot be gauged.").[4] Further, the Court finds that Peterson can draft an Amended Complaint on his own. Thus, counsel is not needed at this time, and his motion is **DENIED**.

### DISPOSITION

**IT IS HEREBY ORDERED** that Peterson's Complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

Peterson is **GRANTED** leave to file a "First Amended Complaint" on or before **June 20, 2023**. Should Peterson fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. PROC. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Peterson's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Industry Ass'n of America*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the

---

[4] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote,* 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Peterson must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Peterson is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Peterson elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Peterson is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. PROC. 41(b).

**IT IS SO ORDERED.**

**DATED: May 22, 2023.**

                                                                    _____
                                                                    **GILBERT C. SISON**
                                                                    **United States Magistrate Judge**